UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD VINCENT WYNN,

    Petitioner,

v.

    Case No. 17-10204

    Honorable Sean F. Cox

SHERMAN CAMPBELL,

    Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS [5]
AND
DIRECTING RESPONDENT TO FILE AN ANSWER
TO THE PETITION AND THE STATE-COURT RECORD**

This matter has come before the Court on petitioner Edward Vincent Wynn's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 and respondent Sherman Campbell's motion to dismiss the petition. Respondent contends that Petitioner failed to comply with the applicable statute of limitations. Petitioner maintains in a reply to Respondent's motion that he filed his petition in a timely manner. The Court agrees with Petitioner that his petition is timely. Accordingly, Respondent's motion to dismiss the petition will be denied. A procedural history of this case and an analysis follow.

**I. Background**

Petitioner was charged in Genesee County, Michigan with one count of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(c), and one count of unlawful imprisonment, Mich. Comp. Laws § 750.349b(1)(c). Petitioner was tried before a jury in Genesee County Circuit Court, and on January 22, 2010, the jury found

him guilty as charged. On March 10, 2010, the trial court sentenced Petitioner as a fourth habitual offender to two concurrent terms of twenty to forty years in prison. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Wynn*, No. 297373 (Mich. Ct. App. Sept. 27, 2011), and on September 4, 2012, the Michigan Supreme Court denied leave to appeal. *See People v. Wynn*, 492 Mich. 864; 819 N.W.2d 880 (2012).[1] Petitioner did not apply for a writ of certiorari in the United States Supreme Court, and on December 3, 2012, the deadline for doing so expired. At that point, Petitioner's convictions became final.

On November 16, 2013, or within a few days of that date, Petitioner submitted a motion for relief from judgment to the state trial court. *See* Pet'r Reply to Resp't Mot. to Dismiss, Exs. A, A-1, and A-2 (ECF No. 6, Page ID 248-54, 283-84). The trial court apparently received the motion on November 24, 2013, but did not promptly file it or immediately address the motion.

On October 15, 2014, Petitioner wrote to the state trial judge and inquired about the status of his motion. *Id.*, Ex. B (ECF No. 6, Page ID 285-86). He received no response to his inquiry, and on March 8, 2015, he wrote to the Clerk of the Genesee County Circuit Court and asked about the status of his post-conviction motion. He attached a copy of his post-conviction motion to his letter. *Id.*, Ex. B-1 (ECF No. 6, Page ID 287-89).

On November 6, 2015, Petitioner wrote to the State Court Administrative Office and reported that he still did not have a decision from the trial court on his motion for relief from judgment. *Id.* (ECF No. 6, Page ID 294). On December 16, 2015, an

---

[1] Justice Michael F. Cavanagh voted to grant leave to appeal.

employee at the State Court Administrative Office wrote to Petitioner and stated that she had contacted the state trial court and been advised that the court received his motion and that it was being reviewed. *Id.* (ECF No. 6, Page ID 295). On December 30, 2015, the trial court denied Petitioner's motion. *See* Pet. for Writ of Habeas Corpus, Ex. A (ECF No. 1, Page ID 70-75).

On March 30, 2016, the court administrator for the trial court informed Petitioner by letter that she had reviewed Petitioner's case file and found loose documents that conformed to the dates Petitioner had described in his correspondence. The administrator went on to say that Petitioner's documents had been posted to the trial court's register of actions, using the dates found on the envelope and on Petitioner's correspondence. The court administrator apologized for the fact that Petitioner's filings had not been properly processed or properly handled, and she reassured Petitioner that the register of actions had been corrected to reflect the documents and the appropriate dates. *See* Pet'r Reply to Resp't Mot. to Dismiss, Ex. B-1 (ECF No. 6, Page ID 297-98).

Meanwhile, Petitioner appealed the trial court's decision on his post-conviction motion. The Michigan Court of Appeals denied leave to appeal for failure to establish that the trial court erred in denying Petitioner's motion for relief from judgment. *See People v. Wynn*, No. 331918 (Mich. Ct. App. July 25, 2016). On January 5, 2017, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Wynn,* 500 Mich. 925; 888 N.W.2d 99 (2017). On January 16, 2017, Petitioner signed and dated his habeas corpus petition, and on April 4, 2017, the Michigan Supreme Court declined to

reconsider its previous order. *See People v. Wynn*, 500 Mich. 964; 891 N.W.2d 486 (2017).

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (citing 28 U.S.C. § 2244(d)(1)), *cert. denied sub nom. Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) - (D). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

4

pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts. *Cf.* 28 U.S.C. § 2244(d)(1)(C)-(D). He does imply that the state court created an impediment to filing a timely habeas petition by mishandling his post-conviction motion. *Cf.* 28 U.S.C. § 2244(d)(1)(B). But the state court ultimately corrected its error and docketed Petitioner's post-conviction motion to reflect the date that Petitioner submitted the motion to the state court for filing. Thus, there was no state-created impediment to filing a timely habeas petition.

The controlling subsection of the statute is 28 U.S.C. § 2244(d)(1)(A). Under this subsection, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for a writ of certiorari to review a judgment entered by a state court of last resort must be filed with the Clerk of the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

5

## B. Application

Petitioner did not seek a writ of certiorari in the United States Supreme Court. Therefore, his convictions became final on December 3, 2012, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. *Gonzalez*, 565 U.S. at 150. The statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted until November 24, 2013, when Petitioner filed his motion for relief from judgment in the state trial court. At that point, the statute of limitations period had run 327 days.

The limitations period was tolled during the entire time that Petitioner's motion for relief from judgment was under review in state court. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). The state courts concluded their review of Petitioner's motion on April 4, 2017, when the Michigan Supreme Court denied reconsideration of its order denying leave to appeal the trial court's decision.

In the meantime, on January 16, 2017, Petitioner signed and dated his habeas petition. The Court considers the petition filed on that date because, "a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing," *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012), and, absent contrary evidence, it is assumed that a prisoner does so on the date that he signed the petition, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

To summarize, the limitations period ran only 327 days: from December 3, 2012, when Petitioner's convictions became final on direct review, to November 24, 2013, when Petitioner filed his motion for relief from judgment. The limitations period did not

6

resume running after the state courts concluded their review of Petitioner's motion because Petitioner had already filed his habeas petition by then. The limitations period ran 327 days or less than a year. Therefore, Petitioner's habeas petition is timely.

Respondent's argument – that Petitioner did not comply with the statute of limitations – is based on the conclusion that Petitioner did not file his motion for relief from judgment until March of 2015. If that were true, the petition would be untimely because the limitations period would have expired on December 3, 2013, one year after Petitioner's convictions became final. The state court's docket, however, clearly shows that Petitioner initially filed his post-judgment motion on November 24, 2013. *See* Resp't Mot. to Dismiss, App. C (ECF No. 5-4, Page ID 239). Additionally, exhibits to Petitioner's reply to Respondent's motion indicate that he merely resubmitted the same motion in March of 2015. The motion was not resolved until April of 2017, which was after Petitioner filed his petition.

### III. Conclusion

For the reasons given above, the Court rejects Respondent's argument and concludes that the petition is timely. Accordingly, the Court denies Respondent's motion to dismiss the petition (ECF No. 5) and orders Respondent to file an answer to the petition and the relevant state-court records within forty-five (45) days of the date of this order. Petitioner shall have forty-five (45) days from the date of Respondent's answer to file a reply.

Dated: March 8, 2018                             s/ Sean F. Cox
                                                 Sean F. Cox
                                                 United States District Judge

I hereby certify that on March 8, 2018, the document above was served on counsel of record via electronic means and upon Edward Wynnl via First Class Mail at the address below:

**Edward V. Wynn 244512
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811**

s/Jennifer McCoy<br>Case Manager