UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD V. WYNN,

        Petitioner,

                                  Case No. 17-10204

v.

                                  Honorable Sean F. Cox

SHERMAN CAMPBELL,

        Respondent.
_____/

## **ORDER DENYING PETITIONER'S APPLICATION SEEKING THE ISSUANCE OF A CERTIFICATE OF APPEALABILIY [ECF NO. 14]**

Petitioner Edward V. Wynn has appealed the Court's opinion and judgment denying his *pro se* petition for the writ of habeas corpus. The habeas petition challenged Petitioner's Michigan convictions for one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(c), and one count of unlawful imprisonment, Mich. Comp. Laws § 750.349b(1)(c). Petitioner argued in his habeas petition that: the trial court erred by admitting evidence about his medications and prior domestic violence; the evidence at trial was insufficient to support his convictions; the prosecutor withheld exculpatory impeachment about the complaining witness's arrest; and his trial and appellate attorneys deprived him of effective assistance. The Court found no merit in these claims and denied the habeas petition. Currently before the Court is Petitioner's application for a certificate of appealability.

The Court declined to grant a certificate of appealability in its dispositive opinion. Accordingly, the Court construes Petitioner's current application for a certificate of

appealability as a motion for reconsideration.  Under this District's Local Rules, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Petitioner has asked the Court to issue a certificate of appealability on the following claims:  the trial court erred by admitting evidence of his prescription medications; the prosecution withheld exculpatory evidence that the complaining witness was arrested days before the incident giving rise to the charges against Petitioner; and defense counsel's representation fell below an objective standard of reasonableness and undermined confidence in the outcome of Petitioner's trial.  The Court adjudicated the substantive merits of these claims in its dispositive opinion.  The Court stated that the alleged evidentiary error regarding Petitioner's medications was not so fundamentally unfair as to violate Petitioner's right to due process and that state court's finding of harmless error was objectively reasonable.

The Court rejected Petitioner's claim about the prosecutor's alleged withholding of evidence because the evidence was not material.  The Court also determined that the state court's conclusion -- that the outcome of the proceedings would not have been different if the evidence had been disclosed to the defense – was reasonable.

2

Finally, regarding defense counsel, the Court concluded from the record that counsel's alleged shortcomings did not amount to deficient performance and that any deficiency did not prejudice the defense. Further, given the double deference due to Petitioner's ineffectiveness claim on habeas review, the Court stated that Petitioner was not entitled to relief on the claim.

Petitioner has failed to convince the Court that it made an obvious, clear, unmistakable, manifest, or plain error in its rejection of his habeas claims. Accordingly, the Court denies Petitioner's application for a certificate of appealability regarding his evidentiary claim about his medications, his prosecutorial-misconduct claim, and his claims regarding trial counsel.

Petitioner has also asked the Court to grant a certificate of appealability on his claim that there was insufficient evidence of false imprisonment. Additionally, he contends that charging him with false imprisonment violated his Fifth Amendment right not to be placed in double jeopardy.

Petitioner admits that he did not make the double-jeopardy argument in his habeas petition. He also did not satisfy the exhaustion requirement set forth in 28 U.S.C. §2254(b)(1) by first raising the double-jeopardy claim in state court. Both the Michigan Court of Appeals and this Court, moreover, determined that the prosecution presented sufficient evidence to support the false-imprisonment charge. Therefore, Petitioner is not entitled to a certificate of appealability on his challenge to the sufficiency of the evidence on the false-imprisonment charge or on his double jeopardy claim.

In conclusion, Petitioner has presented some of the same issues that the Court previously adjudicated, and he has not demonstrated that the Court made a palpable

error in rejecting those claims. Petitioner's double-jeopardy claim is a new and unexhausted claim, which the Court is not required to address. Accordingly, the Court denies Petitioner's application for a certificate of appealability.

Dated: January 14, 2020                s/Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Judge